UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARIE R. PARNITZKE o/b/o A.P.,

                        Plaintiff,

                                  **Hon. Hugh B. Scott**

                                  17CV454

                  v.

                                  **CONSENT**

                                  **Order**

COMMISSIONER,

                        Defendant.

Before the Court is plaintiff's motion to recover her attorney's fees under the Equal Access to Justice Act (Docket No. 15; see No. 18, Pl. Reply Memo.), 28 U.S.C. § 2412 ("EAJA"). Responses to this motion were due by December 5, 2018 (Docket No. 16), and defendant Commissioner responded (Docket No. 17) opposing awarding attorney's fees. Plaintiff's reply was due by December 12, 2018 (Docket No. 16), which plaintiff filed arguing also to recoup her attorney's time replying (Docket No. 18). The matter was submitted, without oral argument, on December 12, 2018 (see Docket No. 16).

BACKGROUND

Plaintiff sought judicial review of the denial of Social Security benefits for her child, claimant A.P. (Docket No. 1, Compl.). Following argument of her motion for judgment on the pleadings (Docket No. 7) and defendant Commissioner's counter motion for judgment on the pleadings in their favor (Docket No. 9), this Court (on August 7, 2018) ordered the remand of the administrative matter to defendant Commissioner (Docket No. 13; see Docket No. 14, Judgment

entered Aug. 8, 2018). Plaintiff argued five grounds for remanding the Administrative Law Judge's ("ALJ") decision, but this Court remanded only for the reconsideration of plaintiff's credibility in her evaluation of her claimant child's condition (id.); see Spagnuolo ex rel. F.E.C. v. Colvin, No. 15CV507, 2016 U.S. Dist. LEXIS 138478, at *8-9 (W.D.N.Y. Oct. 5, 2016) (Geraci, Ch. J.).

Plaintiff, on November 6, 2018, filed the pending motion under the EAJA (Docket No. 15). Plaintiff originally claimed $7,761.88 in fees, based on the cost of living increase from 1996 to 2018 (id., Pl. Memo. at 4). Most of the time claimed in this application was in 2017 (id., Pl. Atty. Decl. ¶ 3); 27.3 hours incurred in 2017, with 11.5 hours incurred in 2018 (id.; see also Docket No. 17, Def. Memo. at 11). She also seeks to recover $400 in costs (Docket No. 15, Pl. EAJA Motion); this is undisputed. Plaintiff claims that she filed a timely application (id., Pl. Memo. at 2) and that she was a prevailing party (id.) with net assets below the threshold that would bar EAJA relief (id. at 2-3). She contends that the agency was not substantially justified, pointing to her arguments in her memorandum (Docket No. 7, Pl. Memo. at 14-28; Docket No. 15, Pl. Memo. at 3-4).

Defendant opposes awarding plaintiff attorney's fees. First, defendant contends that the Commissioner's position was substantially justified. Defendant notes that plaintiff prevailed on one point, the Administrative Law Judge's consideration of her credibility, hence the bulk of the time expended on other grounds should not be recovered (Docket No 17, Def. Memo. at 3-4, 8). Next, defendant claims that plaintiff's counsel claimed hours on this case that were excessive (id. at 6-10) and charged at a rate too high by charging the fee at 2018 cost of living rates for services rendered in 2017 (id. at 10-12). Under the EAJA, attorney's fee rates are capped at $125/hour

2

(the 1996 rate when the statute was enacted), comparing consumer price index (CPI) for 1996 to when services were rendered. Defendant contends that plaintiff was billed for services rendered in 2017 (27.3 hours of 38.3 hours claimed in that year), not 2018 claimed by plaintiff's counsel (id. at 10-12). Defendant concludes that plaintiff should recover (if at all) only at the 1996 statutory rate (id. at 10-11), arguing the cost of living increase was akin to interest (id.).

In reply, plaintiff also seeks to recover for 4.2 additional hours expended in reviewing the Response and drafting a Reply (Docket No. 18, Pl. Reply at 1-2, 10-11; id., Pl. Atty. Decl. ¶ 3), seeking $871.17 for that time, or a total of $8,613.05 (Docket No. 18, Pl. Reply at 11). Plaintiff disputes defense argument that the Commissioner's opposition here was substantially justified (Docket No. 18, Pl. Reply at 2-7), both before this Court and in agency proceedings (id. at 7). As for the hours expended by counsel, plaintiff argues that (citing other circuit's precedent) time expended on unsuccessful arguments should be compensated when a claimant prevails on at least one point (id. at 8-9, citing Blair v. Colvin, 619 F. App'x 583, 585-86 (9th Cir. 2015)). Plaintiff outlines the work performed in briefing and arguing her contentions (id.), noting that this District has awarded attorney's fees for an average of 20-40 hours expended by other successful claimants (id. at 9). Plaintiff cites to the consumer price index for 2018 for the rate sought (id. at 10) without explaining why 2018 pricing should apply for services rendered in other years.

DISCUSSION

I.  Applicable Standards under the EAJA

Under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B), a prevailing party may submit to this Court an application for fees and other expenses. The party must allege that the Government's position was not substantially justified, id.

> "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought,"

id. This statute requires proof that the claimant is the prevailing party (not contested here); that the Government's position was not substantially justified; that no special circumstances make an award unjust (which plaintiff contends is not pertinent here, Docket No. 18, Pl. Reply at 2); and that the fee application was submitted within thirty days of entry of final judgment (which was done here), McMahon v. Novello, 192 F. Supp. 2d 54, 64 (W.D.N.Y. 2001) (Curtin, J.); Kerin v. United States Postal Service, 218 F.3d 185, 189 (2d Cir. 2000). As for the timeliness, uncontested by defendant, plaintiff points to the last day defendant could appeal from the decision as when the judgment became final, on October 7, 2018, hence her November 6, 2018, application is timely (Docket No. 15, Pl. Memo. at 2).

Once the claimant alleges that the Government's position was not substantially justified, the Commissioner bears the burden of showing that their position was in fact substantially justified. This Court then reviews the underlying agency action and the civil action to determine whether the Commissioner's position had a "reasonable basis both in law and fact," Ericksson v. Commissioner of Social Security, 557 F.3d 79, 81-82 (2d Cir. 2009) (quoting Pierce v. Underwood, 487 U.S. 552, 563 (1988)) (Docket No. 18, Pl. Reply at 3).

4

According to the statute, the presumptive reasonable rate for attorney's fees is $125 per hour (a rate enacted in 1996) unless this Court "determines that an increase in the cost of living or a special factor" justify a higher rate, 28 U.S.C. § 2412(d)(2)(A) (see Docket No. 15, Pl. Memo. at 4; see also Docket No. 17, Def. Memo. at 10). The amount of time expended and the fee charged must be reasonable and is capped by the EAJA, Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002); Blum v. Stenson, 465 U.S. 886, 896-97 (1984); Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (Docket No. 17, Def. Memo. at 6). Plaintiff (as applicant) has the burden of showing the reasonableness of the fee request, Hensley, supra, 461 U.S. at 433 (id. at 6-7). This Court has broad discretion in determining whether the attorney's expended time was reasonable, e.g., Barbour v. Colvin, 993 F. Supp. 2d 284, 290 (E.D.N.Y. 2014); Hogan v. Astrue, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008) (Larimer, J.). Judge Larimer noted that district courts in this Circuit have held that routine Social Security appeals require 20-40 hours, Hogan, supra, 539 F. Supp. 2d at 682 (citing cases).

II.     Plaintiff's Fee Application

Plaintiff seeks to recover a total of $8,633.05 for attorney's fee, of which $7,761.88 for services rendered through this Court's decision and $871.17 for services replying to defendant's Response to her EAJA application. Plaintiff's application has three parts to consider: first, whether the defendant Commissioner was substantially justified (thus grounds for denying recovery of any fee); second, if not, whether the hours charged are reasonable; and third, what is the appropriate rate (including which year's consumer price index to apply to all services rendered).

A word about plaintiff's figures. This Court rechecked plaintiff's totals for hours expended (both up to filing this application and in reply) and the resulting fee and came to different totals than plaintiff claims. Plaintiff's final total, including post-filing of the EAJA application services, differs from this Court's calculations; plaintiff's total is only $8,613.05 (Docket No. 18, Pl. Reply at 11). These will be addressed below.

A. Substantial Justification

As for whether the Commissioner was substantially justified in opposing plaintiff, plaintiff points to arguments she raised in her motion for judgment (Docket No. 15, Pl. Memo. at 3-4). All positions she argued, however, were not the basis that was her ultimate relief. This case was remanded on assessment of her credibility and not claimant's eye impairment, the weighing medical opinions of record, and claimant's functional domains (compare Docket No. 13 with Docket No. 15, Pl. Memo. at 3). She replies that she should nevertheless have counsel compensated for arguments that did not prevail as well as those that did (see Docket No. 18, Pl. Reply at 8-9, citing Ninth Circuit precedent, Blair, supra, 619 F. App'x at 585-86). Parties have not cited Second Circuit precedent on whether a claimant who prevails on only one of several grounds should receive compensation for all grounds argued. Courts in the Second Circuit evaluate the size of the administrative record, the complexity of the entire appeal, and the substantive issues involved, see Hogan, supra, 539 F. Supp. 2d at 682, without focusing upon whether the claimant prevailed in many or all his or her arguments. Judge Larimer in Hogan noted that the Court need not "'scrutinize each action taken or the time spend on it' when determining what is reasonable," id. (quoting Aston v. Secretary of Health and Human Servs., 808 F.2d 9, 11 (2d Cir. 1986)), and the Court may apply "a reasonable percentage reduction" of

6

the time claimed, id. Within this Court's broad discretion in considering whether the time was reasonably expended, this Court "need not have scrutinized each action taken or the time spent on it," Aston, supra, 808 F.2d at 11, citing New York Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1146 (2d Cir. 1983); Mitchell v. Berryhill, No. 14CV418, 2017 U.S. Dist. LEXIS 38800, at *4 (W.D.N.Y. Mar. 17, 2017) (Telesca, J.) (rejecting defendant's argument that fee request was excessive).

The purpose of this fee application is not to relitigate the merits of the underlying judicial review of the ALJ's decision. While the remand was on one narrow basis, that basis has impact upon the other grounds raised by plaintiff. This was an infant disability claim and plaintiff as claimant's parent had critical testimony about her child's condition essential to determine disability. Thus, defendant **was not substantially justified** in opposing plaintiff on that critical ground and that ground provides sufficient basis for full recovery of compensation for services rendered. As all are aware, preparing a Social Security appeal for judicial review requires extensive work to review the administrative record, to glean the possible errors and omissions, and to argue then consistent with pertinent Social Security law and regulations. Plaintiff's counsel has not parsed the time expended on each of the discrete arguments raised to this Court (but cf. Docket No. 15, Pl. Atty. Decl. ¶ 3) (listing grounds plaintiff's counsel drafted in main Memorandum). Given their interrelationship (especially with the crucial nature of a parent's testimony about their potentially disabled child), plaintiff does not need to do so here. Plaintiff is entitled to recover **full compensation for all issues argued by counsel**.

B.   Hours Expended

Next, defendant contends that, if plaintiff is to recover any fee, the time her attorneys claimed is excessive.

Reviewing plaintiff's itemization of counsel's time up to filing this EAJA application (see Docket No. 15, Pl. Atty. Decl. ¶ 3), counsel expended much of the time digesting the administrative record in preparation for drafting the legal memorandum. Counsel then billed for 16.5 total hours in drafting that memorandum and 7.5 hours in drafting a reply memorandum (id.). Again, since the itemized bill does not detail the subjects counsel worked on during those drafting hours (cf. id.), this Court cannot easily discount the time expended on arguments that ultimately did not prevail; therefore, this Court will not discount these unknown periods of time spent by plaintiff's counsel in drafting arguments that ultimately did not prevail. This Court reviewed these time entries and conclude that they were not excessive or duplicative. Plaintiff, thus, **is entitled to recover for the full time claimed by her counsel**. The amount of time claimed by plaintiff before filing this application, 38.3 hours claimed (Docket No. 15, Pl. Atty. Decl. ¶ 3), is within the range of 20-40 hours for routine attorney time for Social Security appeals argued in this Circuit, e.g., James v. Colvin, 66 F. Supp. 3d 365, 367 (W.D.N.Y. 2014) (Larimer, J.).

Although defendant did not address plaintiff seeking to recover her post-filing attorney's time replying to defendant's opposition, that time **is also recoverable**, see Trichilo v. Secretary of Health and Human Servs., 823 F.2d 702, 708 (2d Cir. 1987); Barbour, supra, 993 F. Supp. 2d at 292 (Docket No. 18, Pl. Reply at 10-11).

This Court, however, calculated the total of time claimed to ensure accuracy. From its calculation (see Docket No. 15, Pl. Atty. Decl. ¶ 3), plaintiff's counsel expended **27.3** hours in 2017 and **11.5** hours in 2018 before replying to the EAJA application, for subtotal of **38.8** hours. Add the **4.2** hours expended in her reply (Docket No. 18, Pl. Reply Atty. Decl. ¶ 3), plaintiff's total legal time in 2018 was **15.7** hours, and grand total of **43.0** hours.

This time break down becomes important as this Court next turns to the rate claimed.

C.  Attorney's Fee Rate

Finally, defendant argues that plaintiff's fee request is excessive because it uses 2018 consumer price index to increase the statutory rate rather than the rate when the services were incurred, in 2017 (Docket No. 17, Def. Memo. at 10, 11; see Kerin, supra, 218 F.3d at 189, 194; Leon o/b/o J.E.V. v. Colvin, No. 15CV914, 2018 WL 4404577, at *4 (W.D.N.Y. Sept. 16, 2018) (Telesca, J.) (plaintiff erred, and conceded the error, that she calculated attorney's fees in 2018 consumer price index for legal work done in 2015 and 2016). Neither party stated the consumer price index for 2017, when plaintiff's attorney did most of the work. Rather, defendant argues that the statutory rate of only $125 per hour should apply for work done in 2017 (at a reduced amount of time, as discussed above) and $202.66 for work in 2018 (id. at 11). Plaintiff seeks the 2018 $202.66 rate for all work performed regardless of the year it was done.

Plaintiff fails to establish how the rate for 2018 should apply to services rendered in other years, Leon, supra, 2018 WL 4404577, at *4. Defendant, however, also fails to show that the 1996 statutory rate should apply as a default, merely arguing plaintiff's failure to establish an upward adjustment (id.). The cost of living changes from 1996 is not interest; interest would be

9

charged if the United States owed plaintiff money and withheld payment and interest would cover the cost of the delay in repayment.

Clearly, there has been an increase in the cost of living from 1996 to 2017 and plaintiff need not establish this increase to justify exceeding the 1996 statutory rate while all concede such an increase the following year. This Court looked at the statistics from the United States Department of Labor, Bureau of Labor Statistics, for inflation rates in 2017 and 2018. For services rendered in 2018, this Court will apply the annual consumer price index rate for 2018 (of 251.001, as of December 14, 2018), rather than plaintiff's quoted consumer price index for 2018 of 252.439 (which was, in fact, the monthly rate for September 2018, cf. Docket No. 15, Pl. Memo. at 4; Docket No. 18, Pl. Reply Atty. Decl. ¶ 5, when no services were rendered) or apply the monthly rate for each billed event, cf. Blizzard v. Astrue, 496 F. Supp. 2d 320, 324 (S.D.N.Y. 2007) (Docket No. 18, Pl. Reply Memo. at 10). For 2017, this Court will also apply the annual rate for services rendered in 2017, again to avoid the complexity of applying a monthly for each entry. That annual consumer price index for 2017 was 244.979, http://cpiinflationcalculator.com (applying numbers released from the Bureau of Labor Statistics).

Accepting the time billed by plaintiff's counsel in 2017 and 2018 and this Court's calculations, she received services in 2017 totaling 27.3 hours and 15.7 hours in 2018 (including the claimed reply time) (Docket Nos. 15, Pl. Atty. Decl. ¶ 3; 18, Pl. Reply Atty. Decl. ¶ 3). These totals differ from plaintiff's calculations (Docket Nos. 15, 18). This Court totaled the hours claimed in the itemization and came up with the following:

| Date | Time Expended |
|---|---|
| 2017 | 27.3 hours |
| 2018 before EAJA application was filed | 11.5 hours |
| 2018, replying to response to EAJA application | 4.2 hours |
| Total 2018 | 15.6 hours |
| **Grand Total, 2017-18** | **43.0 hours** |

Applying the formula to calculate the pertinent rate (that is, the statutory rate of $125 divided by 155.7, the consumer price index for 1996 equaling an unknown divided by the annual 2017 consumer price index, or 244.979), the proper rate for the 2017 services should be **$196.68** per hour; or, .80282594 x 244.979= $196.68. The appropriate charge for the 27.3 hours rendered in 2017 therefore is **$5,369.36**. Applying the similar formula for 2018 rates, with .80282594 x 251.001=$201.51, the proper rate for 2018 services is **$201.51** per hour. The appropriate fee for 2018 before filing the EAJA application is **$2,317.37**, or 11.5 hours times $201.51 per hour. Applying that same 2018 rate for the post-filing services, or for 4.2 hours, plaintiff's rate is **$846.34**. For 2018, plaintiff incurred $3,163.71, and incurred a total of **$8,533.07** for services rendered in 2017 and 2018.

    Or

        2017        $5,369.36
        2018        $2,317.37
        2018 reply  $  846.34
        TOTAL    $8,533.07

Therefore, plaintiff's EAJA application for a total of $8,613.05 (Docket No. 18, Pl. Reply at 11) is **granted in part, denied in part, as modified above**. Plaintiff therefore recovers **$8,533.07** in attorney's fees and **$400.00** in costs.

CONCLUSION

For the reasons stated above, plaintiff's motion (Docket No. 15) to recover her attorney's fee under the Equal Access to Justice Act is **granted in part, denied in part, as modified above**. As a result, plaintiff should recovery **$8,533.07** for her attorney's fees. Plaintiff also to receive **$400.00** to recoup her costs.

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
December 19, 2018